UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY FOX | CIVIL ACTION |
| VERSUS | NO: 24-1568 |
| CITY OF HAMMOND | SECTION: "A" (5) |

### ORDER AND REASONS

The following motion is before the Court: **Partial Motion to Dismiss (Rec. Doc. 19)** filed by Defendant, City of Hammond. Plaintiff, Anthony Fox, has responded to the motion. The motion, submitted on December 11, 2024, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is granted in part and denied in part.

I.   BACKGROUND

This is a civil action for disability discrimination in employment, retaliation, violations of the Family Medical Leave Act ("FMLA"), and violations of related state laws.

The plaintiff, Anthony Fox ("Fox"), was a police officer employed by the City of Hammond ("Hammond") until his termination on March 13, 2023. (Rec. Doc. 12, First Amended Complaint ("FAC") ¶ 96). Fox alleges that he is a disabled individual in light of certain defects that he sustained due to premature birth. The specific disabilities are eye defects and vison-related disabilities, as well as other persistent medical complications. (FAC ¶¶ 12-14). But Fox was able to pass all pre-hiring medical screenings, was able to drive a vehicle, and perform the essential functions of a police officer. (*Id.* ¶¶ 25-36).

Fox's FAC provides a well-organized and detailed narrative regarding his time as a police officer with Hammond. In short, Fox alleges that the police chief forced him to undergo unnecessary medical examinations and targeted him for discipline—unlike

similarly situated non-disabled police officers—because of his disabilities and because of his use of FMLA leave. (FAC ¶¶ 42-79). While still employed with Hammond, Fox filed a charge of discrimination with the EEOC, and Fox alleges various acts of retaliation for doing so leading up to his termination in March 2023. (*Id.* ¶¶ 88-100).

This lawsuit followed after administrative exhaustion. Fox's causes of action are 1) disability discrimination in violation of Title I of the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.*("ADA"); 2) retaliation in violation of the ADA; 3) retaliation in violation of the FMLA, 29 U.S.C. § 2601, *et seq.*; 4) disability discrimination in violation of the Louisiana Employment Discrimination Law, La. R.S. § 23:301, *et seq.* ("LEDL"); 5) retaliation in violation of the Louisiana Human Rights Act, La. R.S. § 51:2256.

Citing pleading deficiencies, Hammond now moves to dismiss certain aspects of the FAC, some of which Fox does not oppose.

## II. DISCUSSION

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief

that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

### 1. Punitive damages

Hammond contends that punitive damages are not recoverable under any of the pleaded causes of action.

In his opposition, Fox informs the Court that he withdraws his request for punitive damages. (Rec. Doc. 21, Opposition at 4).

For all causes of action, the motion to dismiss is granted as to the claim for punitive damages.

### 2. Emotional distress damages

Hammond contends that damages for emotional distress are not recoverable for the FMLA retaliation claim.

In his opposition, Fox informs the Court that he agrees that emotional distress damages are not recoverable under the FMLA and he is not seeking an award of compensatory damages for emotional distress on that specific claim. (Opposition at 5).

The motion to dismiss is granted as to the claim for emotional distress damages related to the FMLA retaliation claim.

### 3. Compensatory Damages

Hammond contends that compensatory damages are not available for the ADA retaliation claim as a matter of law. Hammond concedes that the Fifth Circuit has not

directly ruled on this issue, but other federal circuit courts and district courts in this circuit have considered the issue and concluded that compensatory damages are not recoverable under the ADA for retaliation.

In response, Fox points out that neither the federal circuit courts nor the federal districts courts have reached a consensus on the issue of whether compensatory damages are recoverable under the ADA for retaliation. Fox urges the Court to follow those decisions that have found compensatory damages for retaliation under the ADA to be recoverable.

Hammond's reply is that the decisions that Fox is urging the Court to follow pre-date more recent decisions holding that compensatory damages are not available, and some simply involved affirming a jury award without squarely engaging the question of whether as a matter of law compensatory damages are recoverable under the ADA for retaliation.

Both sides have accurately described the legal landscape regarding the availability of compensatory damages for retaliation under the ADA. The Fifth Circuit has not resolved the issue.[1] The Court has read and studied the decisions cited by both parties, and the various courts on both sides of the issue make persuasive points. This case is in its infancy so the Court sees nothing to be gained by making a premature guess as to how the Fifth Circuit would rule on the issue. The legal issue may become moot at the summary judgment stage if the evidence does not support the claim. And more clarity may be gained in this circuit as the case progresses. At this time, the motion to dismiss the claim for compensatory damages for ADA retaliation is denied.

4. **Retaliation under the Louisiana Human Rights Act ("LHRA")**

Hammond contends that the claim for retaliation under the LHRA is prescribed, and

---

[1] Although Hammond indicated that "this Court" has held that compensatory damages are not recoverable for retaliation under the ADA, the cited decision was from another judge of this district and not "this Court." While this Court certainly favors consistency in the district, the outcome in the cited decision was not based on an in depth statutory analysis.

alternatively that Fox fails to state a claim for relief under that statute.

In his opposition, Fox informs the Court that he agrees to withdraw the claim for retaliation under the LHRA. (Opposition at 5).

The motion to dismiss is granted as to the claim for retaliation under the LHRA.

### 5. ADA and LEDL claims based on "Unwarranted Medical Exams"

Hammond contends that any claims under the ADA and the LEDL based on unwarranted medical exams are time-barred, and that the "attempted" or "threatened" September 2022 examination also fails to state a claim for relief under the ADA and the LEDL.[2]

In his opposition, Fox informs the Court that he agrees to withdraw his claims for unlawful medical examinations as a type of discrimination in violation of the ADA and the LEDL. (Opposition at 5). Fox further explains that he is not attempting to base any standalone claim on these incidents but reserves the right to rely on them as background evidence in support of his other timely claims. (*Id.* at 9).

Based on the foregoing clarification, the motion to dismiss is moot as to the incidents referenced in footnote 2. The Court expresses no opinion at this time regarding the admissibility of the incidents at issue.

### 6. Certain Disciplinary Actions

Hammond contends that several of the discrete "unwarranted" or "excessive" disciplinary actions that Fox alleges are time-barred.[3]

In his opposition, Fox explains that he is not attempting to base any standalone

---

[2] Specifically, the August 2, 2017 and May 13, 2020 examinations and the September 2022 "attempted" or "threatened" examination.

[3] Specifically, May 24, 2018 (first fleet vehicle accident), August 29, 2018 (second fleet accident), March 5, 2020 (third at-fault fleet accident), and February 9, 2022 (punctuality violation).

claim on these incidents but reserves the right to rely on them as background evidence in support of his other timely claims. (*Id.* at 10).

Based on the foregoing clarification, the motion to dismiss is moot as to the incidents referenced in footnote 3. The Court expresses no opinion at this time regarding the admissibility of the incidents at issue.

### 7. Failure to Accommodate

Hammond contends that Fox fails to state a claim for failure to accommodate under the ADA.

In his opposition, Fox informs the Court and Hammond that he did not intend to plead a claim for failure to accommodate even though he did use several legal terms commonly associated with such a claim. (Opposition at 7-8).

Based on the foregoing clarification, the motion to dismiss is moot as to any purported failure to accommodate claim.

### 8. Retaliation under the FMLA

Hammond contends that Fox fails to allege facts sufficient to state a claim for relief under the FMLA for retaliation, and alternatively that the FMLA claim is subject to the more onerous two-year statute of limitations period instead of the three-year period that may apply when the violation is willful. The FMLA allows for a 3-year statute of limitations if the violation is willful. *See* 29 U.S.C. § 2617(c)(2).

Fox used FMLA leave from approximately April 16, 2021 through June 2021, and then again from November 17, 2021 through December 2, 2021. (FAC ¶ 133). Fox alleges that Hammond retaliated against him for using this leave by bullying and ridiculing him, pursuing unwarranted/excessive disciplinary actions, and ultimately terminating him. (*Id.* ¶ 135). As mentioned above, Fox was terminated on March 13, 2023—not close in time to when he used FMLA leave. A prima facie case of FMLA retaliation requires facts to support

the inference of a causal link between the use of FMLA leave and the adverse employment action. *Besser v. Texas Gen. Land Off.*, 834 Fed. App'x 876, 882 (5th Cir. 2020). But the employee need only allege facts sufficient to raise the inference that the protected activity and the adverse employment action are not completely unrelated. *Id.* (citing *Mauder v. Metro. Transit Auth.*, 446 F.3d 574, 583 (5th Cir. 2006)).

Hammond raises legitimate objections regarding the dearth of factual allegations to relate any of the pleaded adverse employment actions to Fox's use of FMLA leave in 2021. The Court's preference is to address the failure to establish causation at the summary judgment stage instead of the pleading stage.

However, the lack of factual allegations to support willfulness so as to trigger the 3-year statute of limitations (instead of the typical 2-year statute of limitations) cannot be ignored. Fox used the term "willful" in his FAC but he alleges no facts whatsoever to support willfulness—none. If he cannot allege such facts then a 2-year statute of limitations will apply which will mean that he cannot ground his FMLA retaliation claim on any alleged adverse employment actions occurring after June 17, 2022 (the original complaint was filed on June 17, 2024).

Fox has specifically requested leave to amend his complaint if the Court finds that his allegations are lacking to the point of dismissal. (Opposition at 16). Leave to amend should be freely given when justice so requires. Fed. R. Civ. Pro. 15(a)(2). The Court will deny without prejudice the motion to dismiss the FMLA retaliation claim insofar as it is based on any alleged adverse employment actions occurring more than two years before the original complaint was filed. Fox must move to amend his complaint within the deadline provided below to allege facts sufficient to support his claim of willfulness in order to take advantage of the 3-year statute of limitations. If he fails to do so then Hammond can remove for dismissal of the FMLA retaliation claim insofar as it is based on any alleged adverse

employment actions occurring more than two years before the original complaint was filed.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Partial Motion to Dismiss (Rec. Doc. 19)** filed by Defendant, City of Hammond, is **GRANTED IN PART AND DENIED IN PART** as explained above.

**IT IS FURTHER ORDERED** that **within 14 days of entry of this Order**, the plaintiff must move to amend his complaint to allege facts sufficient to support his claim of willful violations of the FMLA.

December 17, 2024

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE