UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY FOX | CIVIL ACTION |
| VERSUS | NO: 24-1568 |
| CITY OF HAMMOND | SECTION: "A" (5) |

### ORDER AND REASONS

The following motion is before the Court: **Partial Motion to Dismiss Second Amended Complaint (Rec. Doc. 32)** filed by Defendant, City of Hammond. Plaintiff, Anthony Fox, opposes the motion. The motion, submitted on April 16, 2025, is before the Court on the briefs without oral argument.

    I.    **BACKGROUND**

This is a civil action for disability discrimination in employment, retaliation, violations of the Family Medical Leave Act ("FMLA"), and violations of Louisiana's Employment Discrimination Law.

The plaintiff, Anthony Fox ("Fox"), was a police officer employed by the City of Hammond ("Hammond") until his termination on March 13, 2023. (Rec. Doc. 12, First Amended Complaint ("FAC") ¶ 96). Fox alleges that he is a disabled individual in light of certain defects that he sustained due to premature birth. The specific disabilities are eye defects and vison-related disabilities, as well as other persistent medical complications. (FAC ¶¶ 12-14). But Fox was able to pass all pre-hiring medical screenings, was able to drive a vehicle, and perform the essential functions of a police officer. (*Id.* ¶¶ 25-36).

Fox's FAC provides a well-organized and detailed narrative regarding his time as a police officer with Hammond. In short, Fox alleges that the police chief forced him to undergo unnecessary medical examinations and targeted him for discipline—unlike

similarly situated non-disabled police officers—because of his disabilities and because of his use of FMLA leave. (FAC ¶¶ 42-79). While still employed with Hammond, Fox filed a charge of discrimination with the EEOC, and Fox alleges various acts of retaliation for doing so leading up to his termination in March 2023. (*Id.* ¶¶ 88-100).

This lawsuit followed after administrative exhaustion. Fox's causes of action are 1) disability discrimination in violation of Title I of the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.*("ADA"); 2) retaliation in violation of the ADA; 3) retaliation in violation of the FMLA, 29 U.S.C. § 2601, *et seq.*; 4) disability discrimination in violation of the Louisiana Employment Discrimination Law, La. R.S. § 23:301, *et seq.* ("LEDL").

Citing pleading deficiencies, Hammond moved to dismiss certain aspects of the FAC, some of which Fox did not oppose. On December 18, 2024, the Court entered its Order and Reasons granting in part and denying in part Hammond's motion to dismiss. (Rec. Doc. 23, Order and Reasons). In its prior motion to dismiss, Hammond had sought dismissal of Fox's retaliation claim under the FMLA, arguing that Fox had failed to allege facts sufficient to state a claim for relief under the FMLA for retaliation, and alternatively that the FMLA claim should be subject to the more onerous 2-year statute of limitations period instead of the 3-year period that may apply when the violation is willful. The FMLA allows for a 3-year statute of limitations if the violation is willful. *See* 29 U.S.C. § 2617(c)(2); *Mozingo v. Oil States Ener., Inc.*, 661 Fed. Appx. 828, 830 (5th Cir. 2016) (unpublished).

As the Court explained in its Order and Reasons:

> Fox used FMLA leave from approximately April 16, 2021 through June 2021, and then again from November 17, 2021 through December 2, 2021. (FAC ¶ 133). Fox alleges that Hammond retaliated against him for using this leave by bullying and ridiculing him, pursuing unwarranted/excessive disciplinary actions, and ultimately terminating him. (*Id.* ¶ 135). As mentioned above, Fox was terminated on March 13, 2023—not close in time to when he used FMLA leave. A prima facie case of FMLA retaliation requires facts to support the inference of a causal link between the use of FMLA leave and the adverse employment action. *Besser v. Texas Gen. Land Off.*, 834 Fed. App'x 876, 882

> (5th Cir. 2020). But the employee need only allege facts sufficient to raise the inference that the protected activity and the adverse employment action are not completely unrelated. *Id.* (citing *Mauder v. Metro. Transit Auth.*, 446 F.3d 574, 583 (5th Cir. 2006)).
>
> Hammond raises legitimate objections regarding the dearth of factual allegations to relate any of the pleaded adverse employment actions to Fox's use of FMLA leave in 2021. The Court's preference is to address the failure to establish causation at the summary judgment stage instead of the pleading stage.
>
> However, the lack of factual allegations to support willfulness so as to trigger the 3-year statute of limitations (instead of the typical 2-year statute of limitations) cannot be ignored. Fox used the term "willful" in his FAC but he alleges no facts whatsoever to support willfulness—none. If he cannot allege such facts then a 2-year statute of limitations will apply which will mean that he cannot ground his FMLA retaliation claim on any alleged adverse employment actions occurring after June 17, 2022 (the original complaint was filed on June 17, 2024).
>
> Fox has specifically requested leave to amend his complaint if the Court finds that his allegations are lacking to the point of dismissal. (Opposition at 16). Leave to amend should be freely given when justice so requires. Fed. R. Civ. Pro. 15(a)(2). The Court will deny without prejudice the motion to dismiss the FMLA retaliation claim insofar as it is based on any alleged adverse employment actions occurring more than two years before the original complaint was filed. Fox must move to amend his complaint within the deadline provided below to allege facts sufficient to support his claim of willfulness in order to take advantage of the 3-year statute of limitations. If he fails to do so then Hammond can remove for dismissal of the FMLA retaliation claim insofar as it is based on any alleged adverse employment actions occurring more than two years before the original complaint was filed.

Rec. Doc. 23, Order and Reasons at 6-8).

Fox's Second Amended Complaint ("SAC") was filed into the record on January 22, 2025. (Rec. Doc. 29, SAC). Hammond filed the instant partial motion to dismiss in response to the SAC raising a single argument: That the SAC (like its predecessor the FAC) fails to allege facts sufficient to support Fox's claim for a willful violation of the FMLA. Thus, according to Hammond, the shorter 2-year statute of limitations period applies to Fox's FMLA retaliation claim such that his claim is limited to allegedly adverse employment actions occurring after June 17, 2022 (two years prior to the filing date of the original complaint).

## II.  DISCUSSION

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

**Retaliation under the FMLA**

Under the FMLA, a covered employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any [FMLA leave] right." *Mozingo*, 661 Fed. Appx. at 829 (quoting 29 U.S.C. § 2615(a)). This prohibition also protects employes for retaliation or discrimination for exercising their rights under the FMLA. *Id.* (quoting *Mauder v. Metro.*

*Transit Auth.*, 446 F.3d 574, 580 (5th Cir. 2006)). The general statute of limitations for FMLA violations is two years, unless the cause of action alleges a willful violation, in which case the statute of limitations is three years. *Id.* (citing 29 U.S.C. § 2617(c)). The FMLA itself provides no definition for "willful." But looking to jurisprudence addressing "willful" in other employment contexts, the Fifth Circuit has determined that "to establish a willful violation of the FMLA, a plaintiff must show that his employer 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute.'" *Mozingo*, 661 Fed. Appx. at 830 (quoting *Henson v. Bell Helicopter Textron, Inc.*, 128 Fed. Appx. 387, 393 (5th Cir. 2005)). "A negligent violation is not a willful violation, and an unreasonable violation does not necessarily constitute a willful violation." *Id.* (quoting *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 248 (5th Cir. 2016)).

      Fox maintains that his new amendments presented in his SAC sufficiently plead willfulness to satisfy the generalized pleading requirement of Federal Rule of Civil Procedure 9(b) ("conditions of a person's mind may be alleged generally"). Fox also argues that the dismissal that Hammond seeks at this juncture is premature and constitutes a rather extraordinary remedy considering the factual nature of "willfulness" and that no discovery has taken place as of yet. Fox points out that courts in this circuit routinely decline to make a pre-discovery determination regarding willfulness instead leaving that determination for after discovery has been concluded.

      The Court agrees. In fact, the Court notes that the most persuasive willfulness cases cited by Hammond in its brief involved motions for summary judgment not motions to dismiss on the pleadings. The district court decision cited for the proposition that willfulness is appropriate for determination on the pleadings was not an FMLA case. (Rec. Doc. 32-1, Memorandum in Support at 8). Like the causation determination that the Court has already concluded should follow discovery and be presented (if appropriate) at the

summary judgment stage, the question of willfulness should likewise not be determined on the pleadings before Fox had had the opportunity to engage in discovery.

In sum, the Court is persuaded that Fox has sufficiently pleaded his willfulness claim to avoid dismissal.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Partial Motion to Dismiss Second Amended Complaint (Rec. Doc. 32)** filed by Defendant, City of Hammond, is **DENIED**.

April 16, 2025

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE